UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ELMER HERNANDEZ,

                                Plaintiff(s),                    **ORDER**
                                                                CV 05-1567  (DRH) (WDW)

                -against-

AMERICAN CHAINLINK CONSTRUCTION
INC.,

                                Defendant(s).
--------------------------------------------------------X
**WALL, Magistrate Judge:**

        Before the court are several motions in this matter.  On November 3, 2005, defendant

submitted a letter motion to the undersigned, Docket Entry ("DE") #9, seeking an order

dismissing plaintiff's complaint for failure to prosecute pursuant to Rule 41 of the Federal Rules

of Civil Procedure.  Plaintiff's opposition to this request, DE #10, indicated his understanding

that as the motion seeks dispositive relief, it must be made to Judge Hurley.  In apparent response

to this argument, defendant filed a second letter motion, this time requesting a premotion

conference before Judge Hurley prior to making a Rule 41 motion to dismiss.  DE #11.  Plaintiff

opposed this request as well.  DE #12.  Finally, the parties jointly request a three month

extension to the discovery schedule.  DE #13.

        Defendant seeks dismissal of the complaint for plaintiff's "failure to participate in its

prosecution."  DE #9.  The conduct cited by defendant includes plaintiff's failure to abide by an

"agreement" between the parties under which plaintiff was supposed to contact defendant by

September 20, 2005 to provide deposition dates.[1]  The letter, dated August 16, 2005, confirms a

---

[1]Defendant purports to attach the agreement as Exhibit A to its motion, but no exhibits
were filed with the motion.  Plaintiff did, however, attach the letter as an attachment to his
opposition.  See DE #10.

discovery extension, confirms an agreement to postpone plaintiff's deposition, and closes with

the statement "[p]lease contact me with dates after September 20th for your client's deposition."

Defendant's counsel interprets this sentence as requiring plaintiff's counsel to contact him <u>by</u>

September 20th, while plaintiff's counsel reads it to mean wait until after September 20th to

provide dates.  It is defendant's position that "plaintiff's failure to communicate with the

defendant for **<u>over two months</u>** to schedule his deposition evinces his complete disinterest in

pursuing his claims."  DE#9 (emphasis in original).  Plaintiff disputes defendant's account,

noting that there have been numerous contacts between counsel and claiming that this could have

been resolved with a simple phone call between counsel.

It is well-established that dismissal for failure to prosecute is "a harsh remedy to be

utilized only in extreme situations."  *Alvarez v. Simmons Mkt Research Bureau, Inc.,* 839 F.2d

930, 932 (2d Cir. 1988)(quoting *Theilmann v. Rutland Hosp., Inc.,* 455 F.2d 853, 855 (2d Cir.

1972) (per curiam)).   A cursory application of the facts to the five factors to be considered on a

motion to dismiss for failure to prosecute, as set forth in *Jackson v. City of New York,* 22 F.3d 71,

74 (2d Cir. 1994), compels the conclusion that the conduct alleged by defendant simply does not

rise to the level requiring the drastic remedy of dismissal under Rule 41.  The court finds that this

motion would more appropriately be considered as a Rule 37 motion to compel plaintiff's

deposition, and in the interest of moving this case forward, converts it to such.

There can be no doubt, and indeed plaintiff has not suggested otherwise, that plaintiff will

be deposed in this case.  The dispute appears to boil down to a failure of the parties to

communicate about the date of that deposition.  Defendant claims to have written various letters

to plaintiff; plaintiff claims never to have received some of them.  The court notes that a good

faith effort by telephone or in person contact, as required by Local Rule 37.3, might have made this motion unnecessary.  Under the current facts, the court declines to enter an order compelling plaintiff's deposition at this point, and defendant's motion is denied.  The court does, however, direct that the plaintiff shall, **by December 22, 2005,** provide defendant with several proposed dates for his deposition.

The parties' request for a discovery extension is granted; all deadlines are extended 90 days.  The parties are warned that no further extensions will be granted absent a showing of manifest injustice.  The pretrial conference scheduled for **January 19, 2006 at 2:00 p.m.** is converted to a status conference.  If the parties have failed to negotiate a firm date for plaintiff's deposition by the status conference on January 19th, the court will set a date certain.

Dated: Central Islip, New York  
      December 14, 2005

**SO ORDERED:**

 s/ William D. Wall             
WILLIAM D. WALL  
United States Magistrate Judge